UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JUSTIN R. REICHHART, <br><br> Plaintiff, <br><br> v. <br><br> GALIPEAU, et al., <br><br> Defendants. | CAUSE NO. 3:20-CV-638-JD-MGG |

OPINION AND ORDER

Justin R. Reichhart, a prisoner without a lawyer, filed an amended complaint about conditions at the Westville Correctional Facility. ECF 8. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Reichhart alleges he worked in the Maintenance Department and was exposed to black mold and asbestos which he believes is unhealthy. However, "not every deviation from ideally safe conditions constitutes a violation of the constitution." The Eighth amendment does not constitutionalize torts. Nor does it require complete compliance with the numerous OSHA regulations." *French v. Owens*, 777 F.2d 1250, 1257 (7th Cir.

1985) (quotation marks and citations omitted.). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Therefore the violation of health and safety rules is not sufficient to state a claim.

Prison conditions violate the Eighth Amendment if they pose a substantial risk of serious harm and prison officials are deliberately indifferent to the risk. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Conditions of confinement must be severe to support an Eighth Amendment claim; "the prison officials' act or omission must result in the denial of 'the minimal civilized measure of life's necessities." *Id.* at 834. The Eighth Amendment only protects prisoners from conditions that exceed "contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994).

As the Seventh Circuit has explained, "the mere presence of asbestos in a prison does not violate the Eighth Amendment; exposure to moderate levels of asbestos is a common fact of contemporary life and cannot, under contemporary circumstances, be considered cruel and unusual." *Contreras v. Hawk*, 77 F.3d 484 (7th Cir. 1996) (quotation marks and brackets omitted). Reichhart was exposed to black mold and asbestos while doing maintenance work while supervised by prison staff who would have been similarly exposed. "An objectively sufficiently serious risk is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency." *Christopher v. Buss*, 384 F.3d 879, 882 (7th Cir. 2004) (quotation

marks and citations omitted). Reichharts' exposure was not an objectively serious risk because it was not meaningfully different than that of prison employees who willingly worked in the same environment. As such, this exposure did not violate the Eighth Amendment.

Additionally, he raises two claims related to Covid-19. First, he alleges Westville prison officials should not have continued to receive new inmates from other facilities during the three weeks after the first case was identified there on March 10, 2020. Covid-19 has created unprecedented challenges in all areas of life. Indiana ordered the closure of non-essential businesses on March 24, 2020, but specifically exempted correctional facilities and all other essential government functions. https://www.in.gov/gov/files/Executive_Order_20-08_Stay_at_Home.pdf. The United States Centers for Disease Control and Prevention *Interim Guidance on Management of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, recognized the hazards posed by transferring inmates, but it did not suggest prohibiting all such transfers. Therefore it was not deliberately indifferent for prison officials at Westville to have continued to accept new inmates during the three weeks after March 10, 2020.

Finally, he alleges he could not get a Covid test because the prison did not have enough tests. He says he did not have any symptoms, but wanted a test because he believed he had been exposed. However, the availability of testing was very limited early in the pandemic and it was not even possible to test everyone with symptoms in Indiana. *See* https://www.indystar.com/story/news/health/2020/04/28/indiana-

3

tries-increase-coronavirus-testing-but-some-supplies-scarce/2997576001/. In light of these shortages, the failure to test asymptomatic individuals was not deliberately indifferent.

This complaint does not state a claim, and it is unclear what facts Reichhart could provide which could do so consistent with the allegations he has already made. However, he may file an amended complaint if he has additional facts because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes and signs that form, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Justin R. Reichhart until **October 22, 2020**, to file an amended complaint; and

(2) CAUTIONS Justin R. Reichhart if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on September 21, 2020

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT